**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 4:07cr27 |
| v. | § | |
| | § | |
| LORENZO LENCHO RODRIGUEZ, JR. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
DENYING DEFENDANT'S MOTION TO SUPPRESS**

This matter having been referred by the Honorable Marcia Crone, the Court held a hearing on June 27, 2007 on Defendant's Motion to Suppress (Dkt.13). After considering the evidence presented and the arguments of counsel, the Court finds that the motion should be denied.

On May 17, 2006, McKinney police officers equipped a confidential informant with a concealed wire and directed him to visit Defendant at his residence and purchase marijuana in a controlled buy. As police officers listened in over the wire, they heard information leading them to believe that the confidential informant was in danger and that the controlled purchase of marijuana had been compromised. The police officers entered the residence to remove the confidential informant and performed a protective sweep. During the protective sweep, police discovered a handgun and a bag of marijuana. Defendant was subsequently arrested. The police officers then waited until a search warrant was obtained to fully search the house for contraband.

Defendant contends that the police officers conducted an unlawful warrantless search of his home and seeks to suppress all evidence discovered as a result of it. Warrantless entry into a home is presumptively unreasonable. *Payton v. New York*, 445 U.S. 573, 586-87, 100 S. Ct. 1371, 1380, 63 L. Ed.2d 639 (1980). Entry without a warrant will survive constitutional scrutiny, however, if "exigent circumstances exist to justify the intrusion." *United States v. Rico*, 51 F. 3d 495, 500-01

(5th Cir. 1995) (internal citations and quotations omitted).  In such cases, the government bears the burden of proving the existence of the exigency.  *United States v. Thompson*, 700 F. 2d 944, 946 (5th Cir. 1983).  The government must prove the constitutionality of the search or seizure by a preponderance of the evidence.  *United States v. Matlock*, 415 U.S. 164, 177-78, 94 S. Ct. 988, 996, 39 L. Ed.2d 242 (1974).

In evaluating the exigency, the Fifth Circuit evaluates "the appearance of the scene as it would appear to reasonable and prudent men standing in the shoes of the officers." *United States v. Maldonado*, 472 F.3d 388, 393 (5th Cir. 2006) (internal quotations and citations omitted).  The Court should look to several factors in making its exigency analysis:

1. the degree of urgency involved and amount of time necessary to obtain a warrant;

2. the reasonable belief that contraband is about to be removed;

3. the possibility of danger to the policy officers guarding the site of contraband while a search warrant is sought;

4. information indicating the possessors of the contraband are aware that the police are on their trail; and

5. the ready destructibility of the contraband and the knowledge that efforts to dispose of narcotics and to escape are characteristic behavior of persons engaged in narcotics traffic.

*Rico*, 51 F.3d at 501 (internal quotations and citations omitted).  Exigent circumstances may not result from the government's own actions or inactions.  *United States v. Vega*, 221 F.3d 789, 798-99 (5th Cir. 2000).  In determining whether officers created an exigency, this Court focuses on the "reasonableness of the officers' investigative tactics leading up to the warrantless entry." *United States v. Jones*, 239 F.3d 716, 720 (5th Cir. 2001) (quoting *United States v. Blount*, 123 F.3d 831, 838 (5th Cir. 1997)).

At the hearing, the Government offered testimony and evidence showing that, prior to entering Defendant's home, the police officers heard (1) the confidential informant identify a gun in the house, (2) Defendant express his desire to bind, torture, and kill the family members of a drug customer who owed him money, (3) Defendant questioned the confidential informant about whether he was wearing a wire, and (4) Defendant ordered the confidential informant to "assume the position" so Defendant could pat him down.  Additionally, both Detective Chris Grollnek and Sergeant Joe Ellengburg testified that they heard squelching over the wire, indicating that the wire was interfering with Defendant's radio scanner and compromising the secrecy of the controlled buy.  Both witnesses testified that, after hearing this information over the wire, they feared for the confidential informant's safety.  The Court finds that exigent circumstances existed such that a warrant was not necessary to enter Defendant's house.

Further, the Court finds that the police officers did not create the exigent circumstances necessitating their entry into Defendant's house.  The evidence offered indicates that the officers instructed the confidential informant to make the controlled buy and leave Defendant's house.  There is no evidence indicating the police officers planned on doing a "buy-bust" that evening. Additionally, there is evidence that the feedback created by the wire on Defendant's scanner was unexpected and not caused by the police officers' actions.  Where the potential discovery of the wire on an informant creates a "the genuine concern that the government informer [has] been exposed and that his life and those of the agents surrounding the house [are] in danger," the entry is clearly made under exigent circumstances.  *U.S. v. Hultgren*, 713 F.2d 79, 88 (5th Cir. 1983).

Moreover, in light of the police officers' immediate interest to ensure that they were protected upon entry to the house, the police officer's protective sweep of Defendant's house was reasonable and did not go beyond the necessary scope of such permissible sweeps.  *United States v. Virgil*, 444

F. 3d 447, 451 (5th Cir. 2006); *United States v. Maldonado*, 472 F.3d 388, 394 (5th Cir. 2006). The evidence also indicates, and Defendant does not appear to contest, that the contraband discovered before the warrant was obtained was in plain view of the officers entering the house. It is well established that evidence in plain view of officers who are properly on the premises is subject to immediate seizure. *United States v. Hill*, 19 F.3d 984, 989 (5th Cir. 1994). Accordingly, the evidence seized pursuant to the entry should not be suppressed, and Defendant's Motion to Suppress should be denied.

## RECOMMENDATION

The Court recommends that the District Court **DENY** Defendant's Motion to Suppress.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 2nd day of July, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE